## Slater et al. v. Cabot Paper Stock Company et al.

*S. W. Foulkrod, Jr.*, and *H. P. Voldow*, for plaintiffs.

*R. A. White, Jr.*, for defendants.

LEVINTHAL, J., April 8, 1948.—On January 7, 1948, an action of trespass was instituted by plaintiff, Rose Mary Slater, a minor, by her guardian, George W. Slater, George W. Slater, in his own right, Edward F. Madden and Martha M. Madden, for damages alleged to have resulted from an automobile collision which occurred on December 29, 1947. Plaintiff, Rose Mary Slater, was a passenger in a motor vehicle being operated by other plaintiff, Edward F. Madden.

On February 13, 1948, defendant, Cabot Paper Stock Company, filed an answer and counterclaim to the complaint in trespass alleging that this accident was caused by the negligence of Edward F. Madden and Martha M. Madden, and in said counterclaim demands recovery of the sum of $335, representing damage to its truck.

On February 26, 1948, the case being at issue, plaintiffs filed an order to place this case on the consolidated trial list.

On March 15, 1948, a petition for severance was filed by defendants praying that the action be severed so as to permit the defendants to join Edward F. Madden and Martha M. Madden as additional defendants in the action brought by Rose Mary Slater, a minor, by

her guardian, George W. Slater, and George W. Slater, in his own right.

A review of the cases shows clearly that the court may, in the exercise of its discretion, grant a severance of causes of action in order to permit the joinder as an additional defendant of one who is already a party to the action as plaintiff. Freeman et ux. v. MacDonald et ux., 42 D. & C., 158 (1941) held Pa. R. C. P. 213(*b*), authorizing courts to order separate trials, was not broad enough to authorize *severance* of actions. But this case stood alone in so interpreting the rule and was subsequently overruled in Seymour v. Folberg, 31 Del. Co. 161 (1942). Freihofer Baking Co. et al. v. Collins, 43 D. & C. 485 (1942) held that the court under Pa. R. C. P. 213(*b*) does have authority to grant a severance since permissive joinder is a mere convenience and actually the causes of action are still separate. To the same effect was the holding of Alessandroni, J., in Judge et al. v. Lang, 43 D. & C. 511 (1942) and by the Common Pleas Court of Erie County in Sweitzer et al. v. Erie Coach Co. et al., 44 D. & C. 328 (1942).

From the above cases, it is clear that the courts in the exercise of their discretion may grant a severance of actions in order to allow the joinder as additional defendant of one of the plaintiffs in the suit.

After determining that point, we are confronted with the problem as to the effect of the filing by defendant of a counterclaim against plaintiff sought to be joined as additional defendant in this action. In Trexler et al. v. Catherman, 44 D. & C. 213 (1942), where defendant had filed a counterclaim alleging the accident was caused *solely* by the negligence of the sought-to-be-joined additional defendant, a petition for severance was refused on the ground that the counterclaim put all relevant questions in the case at issue and the refusal to sever would deprive defendant of no legal rights known to the court.

". . . if he can convince the jury that this automobile collision was caused solely by Trexler's negligence, he will be absolved from payment of the alleged damages claimed by each of the two plaintiffs. Again, if defendant proves the damages he claims to the satisfaction of the jury, that jury, after fixing negligence as aforesaid, should and would award defendant compensation for his . . . injuries."

In Aldinger v. Hildebrand, 56 York 149 (1942), after reviewing the cases and observing that the trend of the lower court cases is to allow severance and approving the reasoning behind that theory, the court pointed out that the matter is entirely within the discretion of the courts. It then decided that the case before it did not present a situation which called for the .exercise of the court's discretion since defendant had filed a counterclaim against the driver-plaintiff, alleging that his negligence *alone* was the cause of the damage suffered by defendant. The court said that all the issues in the case could best be solved by submitting all the facts to the same jury for determination. Awarding severance and allowing separate trials might result in the anomalous situation in which one jury might find against both defendants in the passenger-plaintiff case, and then in the trial between the two drivers, damages might be awarded to one of them.

The court further said (p. 151) :

"A severance of the actions in this case would defeat the very purpose of the permissible joinder of actions, which is to avoid a multiplicity of actions for the same wrongful act, to save defendants from a multiplication of costs in the same issue, and to prevent apparently inconsistent verdicts in actions arising out of identical facts."

Defendant here asserts that his petition is not governed by the ruling in the above-mentioned cases in that his counterclaim did not allege that the accident was solely due to Madden's negligence, but such

a theory would seem to be *contra* to the practice set forth in the amending Act of April 4, 1929, P. L. 140, which allowed counterclaim in trespass actions. Section 13 provides:

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

In Hagerty v. Gow Co., Inc., 15 D. & C. 168 (1931), it was held by Judge Alessandroni that the act was intended to cover situations where defendant sustained damages as a result of the same circumstances on which plaintiff's claim is based and in which defendant denies negligence on his part and avers negligence on the part of plaintiff. The court further said that if the counterclaim were based on the theory that both plaintiff and defendant were negligent in causing the accident, it would not meet the requirements of the Act of 1929.

This being so, defendant's contention that his counterclaim did not allege that the accident was due *solely* to Madden's negligence, must be ignored since to construe it as an allegation of joint liability would make it fail to conform to the Act of 1929 permitting counterclaims in trespass actions.

Furthermore, in Falsey et ux. v. Park, 20 D. & C. 346 (1934) Judge Gordon, in refusing a petition to strike off a counterclaim, pointed out that the Act of 1929 in effect gave legal sanction to cross-actions. The cross-suit should, however, be governed by the same rules of law that would control if an independent action had been brought by defendant against plaintiff. It is clear that in filing a counterclaim, defendant must of necessity be proceeding on the theory of sole liability

of the adverse party, since any amount of negligence on his own part would preclude recovery by him.

Finally, the petition to sever should in this case be refused on the ground that the only purpose for granting it would be to allow the joinder of Madden as an additional defendant, and since under rule 2253 no præcipe for a writ to join an additional defendant should be filed later than 60 days after the service upon original defendant of the initial pleading of plaintiff, and since that time had already passed before the stay of proceedings was granted, there would seem to be no practical advantage to be derived from the granting of this petition.

For the foregoing reasons, the rule to show cause is hereby discharged.